JAMES DOYLE *versus* JAMES DONNELLY *& al.*

There was a controversy between the parties as to the right to the possession of a certain lot of land, and the dwellinghouse thereon, which one of the defendants helped to erect, and in which he had some personal effects. The plaintiff declared that the defendants broke and entered his dwellinghouse, destroyed his stove, assaulted and expelled him from the premises. The defendants asserted a previous trespass by the plaintiff, as well as the first assault in this case, and a subsequent mutual compromise and adjustment of the whole matter. Upon this last issue there was conflicting testimony, but the jury found it for the defendants. On a motion to set aside the verdict as being against the weight of testimony : — *Held*, that the verdict in such a case will not be disturbed when it affirms nothing that is positively incredible.

The jury were instructed, that, if the matter was all settled up by the parties and they so understood it, each party presenting a claim against the other, and the asserted settlement was not a myth, but a reality, it constituted a defence. To this the plaintiff excepted, upon the ground that the instruction did not require the jury to find that the specific matters embraced in the declaration were settled : — *Held,* that where it appeared that the "matter was all settled up" in good faith, this Court will not inquire whether every matter of mutual aggravation in a personal conflict was canvassed in the adjustment.

Where a controversy has been adjusted by the parties to it, by an offset, mutually agreed upon, of the claims which each sets up against the other, and there is a reciprocal agreement not to sue on either side, courts should give effect to the agreement, unless the case shows bad faith in the assertion of any claim at all on the part of one of the parties, or that the claim is so destitute of foundation as to savor of imposition and extortion.

ON MOTION AND EXCEPTIONS.

The facts are stated in the opinion.

*J. Granger* and *Downes,* in support of the exceptions, cited Hammond's N. Pri., 71 ; 1 Par. on Con., 439, 440, and cases cited ; *White* v. *Bluett,* 24 E. L. & Eq., 434 ; *Wade* v. *Simeon,* 2 C. B., 548 ; *Jennison* v. *Stafford,* 1 Cush., 168 ; *Wilbur* v. *Crane,* 13 Pick., 284 ; Story on Cont., 359 ; Chit. on Con., 9 ; 2 Stark. on Ev., 25.

*Llewellyn Powers,* for the defendants.

BARROWS, J. — Whatever defects there may be in the defendants' specifications, the accord and satisfaction is well specified, and if the instructions of the presiding Judge, and the finding of the jury relative to that adjustment are sustained, it is of no consequence whether all the aggravations of the trespass alleged were specifically denied or not.

The defendants, father and son, are charged in an action of trespass, *q. c.,* with breaking and entering the plaintiff's dwellinghouse, breaking his stove in pieces, and assaulting the plaintiff with a pistol, expelling him from the possession of the premises and keeping him out some three or four weeks. There was a controversy as to the right to the possession of the lot of land on which the house stood. It belonged to the State, and, while one or both of the defend-

ants had been in possession, the legal right to the possession at the time of this quarrel would seem to have been in the plaintiff, who had the permission of the local land agent, subsequently ratified by the land agent of the State. One of the defendants helped build the house and had some articles of personal property in it when the plaintiff took possession. The defendants assert that a previous trespass and the first assault on this occasion were committed by the plaintiff against them, and they offer testimony to prove that, some days after this affair, plaintiff came to the house of the elder Donnelly to settle it up, and it was there agreed that no suits should be commenced by either party against the other. In the language of one of the defendants, "Doyle wanted to drop all, and we not sue him, or he us. We agreed to it and shook hands on it, — parted good friends, and the whole matter was settled." The plaintiff denies that any such adjustment ever took place.

Hereupon the presiding Judge instructed the jury, that, "if they found that the parties met and this matter was all settled up, and was so understood by the parties, each party presenting a claim against the other, and the pretended settlement was not a myth, but a reality, that constitutes a good defence to this action, and the verdict must be for the defendants." And they did so find. As to the fact of this compromise and mutual agreement, the evidence being contradictory, it was for the jury who saw and heard the witnesses to determine which of the conflicting statements ought to be accepted as true, and this Court will not disturb their finding in such case, when it affirms nothing that is positively incredible. The verdict must stand if the instruction upon which it seems to have been based is correct.

It is objected that the instruction does not require the jury to find that the specific matters embraced in the declaration were settled. But the whole embraces all the parts, and, "if this matter was all settled up" in good faith, we will not trouble ourselves to inquire whether every matter

of mutual aggravation in a personal conflict was canvassed in the adjustment. But the objections most relied on seem to be, that the instruction does not require the jury to find that defendants had a valid claim against the plaintiff which they surrendered in consideration of the plaintiff's promise not to sue them, and that the Judge refused to instruct the jury, as requested by the plaintiff's counsel, that, "if they found such an agreement of settlement and discharge as testified to by the defendants, it was not binding on the plaintiff for want of a sufficient consideration."

Where a controversy has been adjusted by the parties to it by an offset mutually agreed upon of the claims which each sets up against the other, and there is a reciprocal agreement not to sue on either side, courts should give effect to the agreement, unless the case shows bad faith in the assertion of any claim at all on the part of one of the parties, or that the claim is so destitute of foundation as to savor of imposition and extortion.

While the controversy is fresh, the parties themselves know more completely than any one else can what justice requires at their hands, and their agreements made in good faith for the avoidance of litigation and expense should find favor in the courts. As fraud is not to be presumed, a mutual concession and remission of claims will be deemed, in ordinary cases, to have been made upon sufficient consideration. Such a remission would seem to be eminently suitable and likely to be founded on altogether adequate and prudent, as well as sufficient considerations, in a case like the one at bar of personal broil and conflict.

Where there has been an adjustment of this sort, it is not incumbent upon the party asserting it to come into Court prepared to establish the validity of his original claim, but only that it was presented in good faith, and, without any imposition or foul practice on his part, was understandingly acceded to by the other party. Such admission of the other party is like the acknowledgment of value received in a

promissory note. It dispenses with further proof of consideration until the admission is impeached.

The tendency of the best considered decisions is to sustain these compromises when fairly made. See *Thornton* v. *Fairlie*, 8 Taunton, 354; *Hoge* v. *Hoge*, 1 Watts, 216; *Covode* v. *McKelvey*, Addison, 56; *Longridge* v. *Dorrille*, 5 B. & A., 117; *Barlow* v. *Ocean Ins. Co.*, 4 Met., 270.

*Motion and exceptions overruled.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.